**JOSHUA GONZALEZ**
PRO SE LITIGANT
2434 SEVENTEENTH AVENUE NORTH
SAINT PETERSBURG, FLORIDA 33713-4904
3 1 8 2 2 5 6 8 1 3
JOSHUA.GONZALEZ-ECF@PROTON.ME

**PLAINTIFF**

## UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA GONZALEZ,<br>　　　PLAINTIFF(S)<br><br>　　VS.<br><br>HYATT HOTELS CORPORATION,<br>INC.<br>　　　DEFENDANT(S) | ) CASE NO. **1:2026-CV-02872 LTS**<br>) LAURA TAYLOR SWAIN, CH. J.<br>)<br>)<br>) **MOTION FOR LEAVE TO**<br>) **SUPPLEMENT RECORD (LOCAL**<br>) **CIVIL RULE 7.1) AND FILE**<br>) **UNDER SEAL (RULE 5.2)**<br>)<br>)<br>)<br>06 JULY 2026 – PLAINTIFF |

**MOTION FOR LEAVE TO SUPPLEMENT RECORD AND FILE UNDER SEAL**

FOR THIS CAUSE, COMESNOW, THE PLAINTIFF, JOSHUA GONZALEZ, APPEARING BEFORE JUSTICE, IN ONES OWN CHARACTER, AND HEREBY REQUESTS OF THE SOUTHERN DISTRICT OF NEW YORK TO GRANT LEAVE FOR THE SUPPLEMENTAL ACTION PROVIDED FOR THE DOCKET RECORD OF THE ABOVE-STYLED MATTERS. THE PLAINTIFF CONTENDS THAT THE SUPPLEMENT IS IN COMPLIANCE WITH THE ESTABLISHED SOUTHERN DISTRICT OF NEW YORK LOCAL CIVIL RULE 7.1(D), SEE. SECOND CIRCUIT JUDICIAL

THE UNITED STATES CONSTITUTION IS APPARENT ON ITS FACE VALUE TO PROTECT AMERICAN CITIZEN FROM THE UNITED STATES GOVERNMENT. WHEREAS, ARTICLE 17 OF THE INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS (1966), PROTECTS AGAINST ARBITRARY OR UNLAWFUL INTERFERENCE WITH PRIVACY. CONTRARY TO THIS DICTA RESTS WITHIN RULE 5.2 AND RULE 26(C) THE SOLE AUTHORIZATION OF SEALED FILINGS AND PROTECTIVE ORDERS, SPECIFICALLY RECOGNIZING THE EXTRA PROTECTION WARRANTS OF FEDERAL INTERNAL REVENUE SERVICE TAX RETURN DOCUMENT(S) UNDER CONDITIONS OF UNRELATED DISCLOSURE(S).

COUNCIL LOCAL RULE ARCHIVE 29 OCTOBER 2018, MADE IN GOOD FAITH EFFORT, TO MAINTAIN THE EFFICACY OF JUSTICE. THEREFORE, IN THE BEST INTEREST OF JUSTICE, THE PLAINTIFF STATES THE FOLLOWING:

### SYNOPSIS

THIS MOTION IS DESIGNATED AS A REQUEST OF THE SOUTHERN DISTRICT OF NEW YORK TO SUPPLEMENT THE JUDICIAL DOCKET WITH (2) TWO EXHIBITS — 1) INTERNAL REVENUE SERVICE FORM 1040 TAX RETURN TRANSCRIPT, AND 2) INTERNAL REVENUE SERVICE WAGE AND INCOME TRANSCRIPT — IN WHICH THE PLAINTIFF ASSERTS, ARE TO BE ENTERED UNDER FULL CONFIDENTIAL SEAL. EMBEDDED IN THIS ASSERTION HE EMPHASIZES LEGISLATIVE INTENT, STATUTES, AND ULTIMATELY RULING THAT THE REQUEST TO SEAL COMPLIES WITH THE RELEVANT LOCAL CIVIL RULES OF NEW YORK, FEDERAL LAWS, AND OTHER FORMS OF SAFEGUARDS INTENDED TO PROTECT SUCH RELEVANT INFORMATION. THE PLAINTIFF PROVIDES THAT THE GENERAL PUBLIC INTEREST OF THESE DOCUMENT(S) CARRY LITTLE TO NO VALUE FOR THE GENERAL PUBLIC ACCESS AS TO OUTWEIGH THE POSITION OF PRIVACY. THEREFORE, UNDER FEDERAL RULE AND STATUTES HE REQUEST THE UNITED STATES DISTRICT COURT TO GRANT LEAVE UNDER THESE CONDITIONS.

### II

THIS MOTION IS GROUNDED IN THE PRECISE CONSONANCE OF THE FEDERAL GOVERNING LAW OF THE UNITED STATES DISTRICT COURT AND THE SUPREME LAW OF THE LAND. THE PLAINTIFF DOES NOT ENTER THIS MOTION TO ADDRESS MATTERS OF SEALING THE ENTIRE DOCKET, DISCERN WHAT MATERIALS MAY BECOME INTEREST OF THE GENERAL PUBLIC OR WHAT SHOULD BE SEALED AND-OR REDACTED IN ACCORDANCE WITH TRADE SECRET OR MATTERS OF NATIONAL SECURITY, OR TO SIMPLY DEPRIVE THE JUDICIARY OF EXERCISING THE RIGHT TO PUBLIC VIEW OR ACCESS. THE PLAINTIFF, JOSHUA GONZALEZ, ASSERTS, WITHIN THE BIRTH RIGHTS OF THE AMERICAN PEOPLE, THE ABILITY TO EXERCISE A CONFIDENTIAL SEAL FOR SENSITIVE PERSONAL TAX DATA THAT IS OTHERWISE GOVERNED BY CONFIDENTIALITY PROVISIONS, AND HAVING BORE NO IDENTIFIABLE PUBLIC SIGNIFICANCE OR PURPOSE FOR WHICH IT IS OFFERED.

CONGRESSIONAL INTENT DECLARES SPECIFICALLY IN UNMISTAKABLE TERMS THAT "RETURNS AND RETURN INFORMATION SHALL BE CONFIDENTIAL", SEE. TAXPAYER DATA PROTECTION ACT (2025), HOUSE OF REPRESENTATIVES 1101, 119TH CONGRESS, HONORABLE HALEY STEVENS (D-MI), OR IN ALTERNATIVE, HOUSE OF REPRESENTATIVES 8292 (2024), 118TH CONGRESS, REF. TITLE 31 U.S.C. § 321.

IT IS APPARENT THAT THE STATUTORY CONSTRUCTION OF THE TITLE 26 U.S.C. § 6103, DEFINES THE "RETURN INFORMATION" UNDER THE CONTEXT OF "TAX PAYERS IDENTITY, NATURE, SOURCE, OR AMOUNT OF HIS INCOME, PAYMENTS, RECEIPTS, DEDUCTIONS, EXEMPTIONS, CREDITS, ASSETS, LIABILITIES, NET WORTH, TAX LIABILITY, AND TAX WITHHELD", SEE. 26 U.S.C. § 6103(B)(2)(A). THEREFORE, IT IS WELL ESTABLISHED THAT THE DOCUMENT(S) ENTERED BY THE PLAINTIFF ARE ELIGIBLE IN PART TO BE SEALED FROM PUBLIC DISCLOSURE AS DIRECTLY ALIGNED WITH THE STIPULATION OF THESE AFFORDED PROTECTIONS.

### III

AS PREVIOUSLY CITED — [DOC. 6] — IN LUGOSCH (2D CIR. 2006), NO. 435 F.3D AT 119-120, THE SECOND CIRCUIT REQUIREMENTS CLEARLY OUTLINE CONSIDERATIONS AS TO DETERMINE: 1) WHETHER THE MATERIALS ARE JUDICIAL DOCUMENTS; 2) THE WEIGHT OF THE PRESUMPTION OF ACCESS; AND 3) WHETHER THE COUNTERVAILING FACTORS OUTWEIGH THAT PRESUMPTION. MOREOVER, THE GENERAL PUBLIC DOES IN FACT PRESERVE THE RIGHT TO ENJOY PRESUMPTIVE ACCESS TO THE JUDICIARY, WHICH INCLUDES JUDICIAL RECORDS, REITERATING THE SAME CLAIM AS PREVIOUSLY STATED, REF. IN NIXON (1978), NO. 435 U.S. AT 597-599. THEREBY, TO OVERCOME THE PRESUMPTION, JUSTICE MUST MAKE "SPECIFIC, ON-THE-RECORD, FINDINGS THAT SEALING IS NECESSARY TO PRESERVE HIGHER VALUES" AND MUST ENSURE THAT ANY SEALING IS "NARROWLY TAILORED TO ACHIEVE THAT AIM". IBIDEM.

THESE STANDARDS ARE EXPLICITLY SATISFIED AND WARRANTED HERE. THE STATUTE REQUESTED MATERIALS, REF. TITLE 28 U.S.C. § 1915, ARE SIMPLY CONSISTENT WITH PRIVATE PERSONAL TAX RECORDS, AND ARE NOT MATTERS OF PUBLIC INTEREST, GOVERNANCE, SAFETY, OR OTHERWISE SERVICES ANY POTENTIAL FOR CONDITIONS OF COMMERCIAL MISCONDUCT ULTIMATELY RULING ON THE EFFECT OF THE BROADER PUBLIC DOMAIN IN ITSELF. THE ORDINARY AMERICAN CITIZEN IS AWARE THAT LAWFUL TAX DOCUMENT(S) ARE NOT ORDINARILY PUBLIC MATTERS UNLESS THE TAX INFORMATION ITSELF IS THE VERY SUBJECT OF THE CONTROVERSY IN A WAY THAT IMPLICATES PUBLIC AWARENESS REQUIREMENTS. THE PLAINTIFF, HEREIN, IS SOLELY REQUESTING SEAL FOR THE ABOVE-REFERENCED MATTERS IN LIGHT OF EVIDENTIARY VALUE, WITHOUT IMPOSING UPON HIMSELF EXISTING, CURRENT, OR FUTURE HARMS THAT MAY BE CONSISTENT WITH THE EXPOSURE OF OTHERWISE PRIVATE TAX DATA, UNRESTRICTED PUBLIC DISSEMINATION. THIS IS A GOOD CAUSE, SHOWN ON THE FACE OF THE RECORD, SEALING AN EXHIBIT BY CONDITIONS OF ITS MOST JUDICIOUS COURSE.

THE JUDICIAL CONFERENCES PRIVACY POLICY FOR ELECTRONIC CASE FILES REFLECTS THE VERY PRINCIPLE: SENSISTIVE PERSONAL DATA

SHOULD NOT BE MADE FREELY AVAILABLE IN PUBLICLY ACCESSIBLE ELECTRONIC COURT RECORDS. THE ADVISORY COMMITTEE SPECIFICALLY RECOGNIZED THAT, ALTHOUGH INCOME-TAX RETURNS ARE NOT CATEGORICALLY PRIVILEGED, PRIVACY INTERESTS REQUIRE "EXTRA PROTECTION", REF. FEDERAL RULE OF CIVIL PROCEDURE 5.2, AND RULE 26.

**IV**

THE PLAINTIFF, FOR THE FOREGOING REASONS, REQUESTS OF THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK TO GRANT LEAVE TO SUPPLEMENT THE RECORD WITH THE FOLLOWING (2) TWO EXHIBITS: A) FEDERAL INTERNAL REVENUE SERVICE FORM 1040 TAX RETURN TRANSCRIPT, AND B) FEDERAL INTERNAL REVENUE SERVICE WAGE AND INCOME TRANSCRIPT; FURTHER PERMITTING THOSE (2) TWO EXHIBITS TO BE FILED UNDER SEAL; AND GRANT SUCH OTHER AND FURTHER RELIEF AS THE UNITED STATES DISTRICT COURT DEEMS JUST AND PROPER.

**FOR THESE MATTERS.**

DATED: 06 JULY 2026

/SS/ **JOSHUA GONZALEZ**
JOSHUA GONZALEZ
PRO SE LITIGANT
2434 17TH AVENUE NORTH
ST PETERSBURG, FLORIDA 33713
3 1 8 2 2 5 6 8 1 3
JOSHUA.GONZALEZ-ECF@PROTON.ME

PURSUANT TO THE ELECTRONIC SIGNATURES IN GLOBAL AND NATIONAL COMMERCE ACT (2000), TITLE 15 U.S.C. § 7001 ET SEQ., ELECTRONIC SIGNATURES CARRY THE SAME LEGAL STANDING, VALIDITY, AND ENFORCEABILITY AS TRADITIONAL HANDWRITTER SIGNATURES. SEE. TITLE 15 U.S.C. § 7001(A)(1), WHICH PROVIDES, "A SIGNATURE, CONTRACT, OR OTHER RECORD RELATING TO SUCH TRANSACTION MAY NOT BE DENIED LEGAL EFFECT, VALIDITY, OR ENFORCEABILITY SOLELY BECAUSE IT IS IN ELECTRONIC FORM". FURTHERMORE, IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 5(D)(3)(C), AN ELECTRONIC SIGNATURE ON A DOCUMENT FILED OR SUBMITTED BY A PRO SE LITIGANT CONSTITUTES THE SIGNERS SIGNATURE FOR ALL PURPOSES UNDER THE FEDERAL RULE OF CIVIL PROCEDURE, INCLUDING RULE 11.

HEREBY, EXECUTED PURSUANT TO TITLE 28 U.S.C. § 1746 AND PUNISHABLE UNDER TITLE 18 U.S.C. § 1621, THE DECLARANT CERTIFIES UNDER PENALTY OF PERJURY THAT THE STATEMENTS CONTAINED HEREIN ARE TRUE, ACCURATE, AND CORRECT TO THE BEST OF HIS ABILITY. ANY MINOR FORMATTING OR TYPOGRAPHICAL ERRORS ARE SUBJECT TO INADVERTENTLY OCCUR. SEE. SUPREME COURT JUSTICE ARTHUR GOLDBERG; "IT IS TOO LATE IN THE DAY, AND ENTIRELY CONTRARY TO THE SPIRIT OF THE FEDERAL RULES OF CIVIL PROCEDURE, FOR DECISIONS ON THE MERITS TO BE AVOIDED ON THE BASIS OF SUCH MERE TECHNICALITIES"; LENORE FOMAN V. ELVIRA A. DAVIS (1962), NO. 83 S.CT. 227, 9 L.ED.2D 222, 371 U.S. 178, AT 181.