UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA GONZALEZ,

Plaintiff,

-against-

HYATT HOTELS CORPORATION, ET AL.,

Defendants.

26-CV-2872 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, a resident of St. Petersburg, Florida, who is proceeding *pro se*, brings this action alleging Defendant Hyatt Hotels Corporation lacked oversight over its operations and thus harmed its shareholders and the general public. On July 14, 2026, this Court granted leave for Plaintiff to proceed *in forma pauperis*, that is without prepayment of fees. For the following reasons, the Court dismisses the complaint.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff is a "concerned citizen" and minority shareholder in Hyatt Hotels,[2] who "envisions many great values with [Defendant] and its subsidiaries." (ECF 1 at 2.) Plaintiff states that "repeated and ongoing harms connected to the oversight and accountability of [Defendant]," undermine these values. (*Id.*) Plaintiff alleges that he has standing to bring this lawsuit as a minority investor and "sole proprietor who faced tortious acts by these failures in oversight and accountability." (*Id.*) Plaintiff points to the arrest of former professional tennis player James Blake outside of the Grand Hyatt Hotel in New York as demonstrative of the corporate oversight underlying his claims. (*Id.* at 4.)

On July 2, 2026, Plaintiff filed an amended complaint, retracting his assertion that he was bringing a shareholder derivative action, instead stating that he is bring a direct shareholder action. (ECF 8 at 2.) Plaintiff also included an amended request for relief "to ensure that justice maintains the equivalent number of shares of Hyatt Hotels Corporation (NYSE:H) in the amount of $873,886.24 (USD) at the date of filing."[3] (*Id.* at 3.) Plaintiff states that "[i]t has been affirmed throughout the face of the record . . . that the plaintiff has suffered, on numerous accounts, an abuse in form, by the defendant(s), impacting himself as an individual, some of which also stem from corporate governance which imposes broader implications as a whole." (*Id.* at 4.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

[2] "Plaintiff affirms that he is not a 10% owner of the Hyatt Hotels Corporation or any associated venue and further asserts no controlling interest in relevance." (ECF 1 at 2.)

[3] It is unclear whether Plaintiff is alleging he owns these shares; however, in a separate submission from Plaintiff (ECF 9-1), he included a copy of the responses from his Form 1040 from the IRS, in which there is no indication he owns any shares.

## DISCUSSION

### A. Article III Standing

The Court must dismiss this action for lack of standing. "Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonians for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997).

To demonstrate standing, a litigant must show that: (1) he has personally suffered some actual or threatened injury as a result of his opponent's alleged illegal conduct; (2) the injury is fairly traceable to his opponent's conduct; and (3) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). The Supreme Court of the United States has made clear that, as to standing, "the [litigant] must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). In addition, to show standing, the litigant must demonstrate "a causal connection between the injury and the conduct complained of." *Id*. Finally, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotation marks and citation omitted). The burden of establishing standing to sue rests with the party bringing the action. *Id.*

Moreover:

> a generalized grievance, no matter how sincere, is insufficient to confer standing. A litigant raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and the laws, and seeking relief that no more directly and tangibly

> benefits him than it does the public at large—does not state an Article III case or controversy.

*Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (internal quotation marks and citation omitted). In short, standing requires a litigant to have "a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues." *Baker v. Carr*, 369 U.S. 186, 204 (1962). For example, "a voter fails to present an injury-in-fact [for the purpose of standing] when the alleged harm is abstract and widely shared or is only derivative of a harm experienced by a candidate." *Crist v. Comm'n on Presidential Debates*, 262 F.3d 193, 195 (2d Cir. 2001). "[S]tanding to sue may not be predicated upon an interest of the kind . . . [that] is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share." *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 220 (1974).

Although Plaintiff asserts that he is a shareholder in Hyatt Hotels Corporation, he does not sufficiently allege an injury-in-fact. Plaintiff claims generally that Defendant's alleged lack of oversight and accountability have harmed him as both a shareholder and a business owner. He neither specifies the conduct committed by Defendant nor the injury he suffered. Thus, Plaintiff fails to establish a connection between Defendant's alleged actions and any harm suffered by Plaintiff. Finally, Plaintiff only alleges facts suggesting that the way in which the public at large has been harmed by Defendant's purported actions, but does not allege any injury that was particular to him.

The Court therefore dismisses this action, for lack of standing and, thus, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Mahon*, 683 F.3d at 62 ("If [a] plaintiff[] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

**B. Leave to amend is denied**

District courts generally grant a *pro se* litigant an opportunity to amend a pleading to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Ordinarily, the Court would consider granting Plaintiff leave to amend to plead facts establishing that Defendant caused Plaintiff to suffer some type of harm. Leave to amend is denied, however, because there are no facts suggesting that venue would be proper in the Southern District of New York, as Defendant is a Delaware corporation, Plaintiff is located in St. Petersburg, Florida,[4] and Plaintiff does not allege any facts suggesting that anything relating to him occurred in New York. *See* 28 U.S.C. § 1391(b).

**CONCLUSION**

Plaintiff's complaint is dismissed for lack of standing, and therefore, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). For this reason, the Court denies all of Petitioner's requests for relief, including any requests for immediate preliminary injunctive relief. (ECF 2, 6, 7, 10.)

The Court directs the Clerk of Court to terminate all pending motions and to enter a civil judgment dismissing this action for the reason set forth in this order.

SO ORDERED.

Dated: July 24, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

[4] Plaintiff has previously filed a substantially similar complaint in the Middle District of Florida, which was dismissed without prejudice for failure to state a claim. *See Gonzalez v. Hyatt Hotels Corp.*, 8:26-CV-0284 (M.D.Fl. 2026).